JEFFERIES v. FORT.

1. PURCHASE MONEY MORTGAGE—DOWER—CASE CRITICISED.—The vendee of a tract of land gave a purchase money mortgage, and afterwards, in payment of the balance due on such mortgage, reconveyed to his vendor 800 acres of the tract so purchased, and also another tract, and the mortgage was marked satisfied and surrendered. This vendee and mortgagor then died. *Held,* that his widow was entitled to dower in this 800 acre tract, the purchase money mortgage being satisfied. Agnew *v.* Renwick, 27 S. C., 562, followed.

2. CASE CRITICISED.—Stoppelbein *v.* Shulte, 1 Hill, 200, distinguished.

Before FRASER, J., Union, October, 1894.

Action by Mary H. Jefferies against W. A. Fort and Sallie C. Fort.

*Messrs. Cothran, Wells, Ansel & Cothran,* for appellants.

*Messrs. Munro & Munro,* contra.

January 9, 1895. The opinion of the court was delivered by

MR. JUSTICE GARY. This is an action for dower in a tract of land in Union County, containing 800 acres, instituted in the Court of Common Pleas for Union County, by service of summons and complaint, on 26th April, 1894.

On 12th April, 1883, Samuel Jefferies conveyed to John R. Jefferies a tract of land in Union County, containing 1,156 acres, at the price of $23,135.60. No part of the purchase money was paid in cash, and John R. Jefferies executed his bond for

the same, secured by mortgage of the premises.    Between 12th
April, 1883, and 16th June, 1886, John R. Jefferies made sundry
payments on the bonds and mortgage, aggregating about $7,000.
On 16th June, 1886, John R. Jefferies conveyed to Samuel Jef-
feries in fee simple, with full covenants of warranty, 800 acres
of the 1,156 acre tract, and another tract, known as the Brick
House Place, containing 1,648 acres, at the price of $20,000, in
satisfaction of said bond and mortgage, which were marked
satisfied, and delivered to John R. Jefferies.    John R. Jefferies
retained title to 356 acres of the original 1,156 acre tract, and
the 800 acre tract, and the Brick House Place went into the
possession of Samuel Jefferies.    On the 30th January, 1888,
Samuel Jefferies conveyed the 800 acre tract to his son-in-law,
W. A. Fort, and his daughter, Sallie C. Fort, wife of W. A.
Fort, in fee with warranty.

On 10th February, 1894, John R. Jefferies died, and this ac-
tion was commenced on the 26th April, 1894, for dower in said
800 acre tract.    The defendants answered, denying the right
of the demandant to dower, upon the ground that it could not be
claimed against the mortgage for the purchase money.    The
cause was referred to the master by consent, to hear and to
determine all issues of law and fact.    He reported in favor of
the demandant 12th September, 1894.    Exceptions having been
filed to said report, the cause was heard by Hon. T. B. Fraser,
presiding judge, at Union, during October Term, 1894, and he
filed a decree, also, in favor of demandant.    The case was ap-
pealed to this court, upon exception to Judge Fraser's decree,
raising the single question: Is the widow entitled to dower?

The marked research of appellant's attorneys has enabled
them to present to this court quite an array of authorities out-
side of this State, some of which directly and others in-
directly sustain the proposition for which the appellant
contends, that in such a case as this, the widow is not
entitled to dower.    It is unnecessary for us to review said au-
thorities at length, as we do not regard this question an open
one in this State.    This case is controlled by the principles an-
nounced in the case of *Agnew* v. *Renwick*, 27 S. C., 562, in
which the court says: "There can be no doubt that a widow is

4—43

entitled to dower in lands mortgaged to secure payment of the purchase money at the same time the mortgagor acquires title, but such right is subordinate to the lien of the mortgage. As against all persons other than the mortgagee, or one claiming through the mortgage, her right to dower can not be disputed by reason of such mortgage. *Stoppelbein* v. *Shulte*, 1 Hill, 200; *Klinck* v. *Keckley*, 2 Hill Ch., 250; *Wilson* v. *McConnell*, 9 Rich. Eq., 512. * * * Reduced to its simplest form, the transaction amounted to a purchase by the mortgagee from the mortgagor of the mortgaged premises, not under proceedings for foreclosure, but at private sale. Now, under the admitted general rule, the legal effect of such a transaction is to extinguish the mortgage, and the only exception to this rule, recognized in this State, is that established by the case of *Agnew* v. *Railroad Company*, 24 S. C., 18. And this court has said in *Bleckley* v. *Branyan* (26 S. C., 424): 'We cannot venture to go further in relieving a mortgagee who purchased the mortgaged property, than was indicated in the case of *Agnew* v. *Railroad Company*.' * * * Now, in the case under consideration, it is quite certain that there was no express agreement or covenant that the mortgage should remain open as a protection against intervening encumbrances, and hence, the case cannot be brought under the exception recognized in Agnew's case. * * * There is also another ground upon which such defence should be defeated. While a widow can only claim dower out of land mortgaged to secure payment of the purchase money contemporaneously with the acquisition of title by her husband, subject to the payment of the mortgage debt, or, as some of the cases express it, her claim is subordinate to the lien of the mortgage, yet, when the mortgage debt is paid or otherwise extinguished, the lien of the mortgage is gone, and there is then nothing in the way of the claim of dower, nothing to which it is subordinate."

The appellants rely upon the case of *Stoppelbein* v. *Shulte*, 1 Hill, 200. That was a case in which the transaction took place after the death of the husband, and the distinction is therein recognized between transactions taking place during the life of the husband and those after his death.

In that case O'Neall, J., says: "The fact that this encumbrance has since passed into the hands of the person who purchased the estate, does not add to or diminish its previous value. It may be true that this acquisition of the mortgage is a satisfaction of it, yet that is a satisfaction made since the husband's death, and not by his administrator, and cannot enure to the enlargement of his estate in the land." Continuing, he says: "The case of *Bolton* v. *Ballard*, 13 Mass., 227, does not militate against the conclusion to which I have come, in this case. In that case the mortgage was paid by one of the intermediate grantees, in the lifetime of defendant's husband, and according to a contract with him when he conveyed the land. This was held to have completed the seizin of the husband, so as to endow his wife. And if the fact had been that the mortgage in this case had been paid by the defendants to Nicholson in the lifetime of the demandant's husband, it is possible that she would have been dowable of the unencumbered fee simple value at her husband's death. But the fact that it was not paid until after his death makes the distinction in the case before us and the one cited. In the cases of *Hildreth* v. *Jones*, 13 Mass., 525, and *Snow* v. *Stevens*, 15 Mass., 279, the mortgages were paid by the respective administrators of the deceased, and the demandants were held entitled to their dower, and I think most properly. For the payment by the administrator was the same as if it had been made by the mortgagor himself. But the payment here cannot be considered as the act of the mortgagor. In the cases referred to from Massachusetts Reports, another distinction exists, which ought to be kept in mind. The mortgagor there had only an equity of redemption, here he has a legal estate, and the mortgage is only an encumbrance."

The exceptions are overruled. It is the judgment of this court, that the judgment of the Circuit Court be affirmed.